# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

ASTANIEL JARVIS MANN, :
:
    Plaintiff, :
:
VS. : 7: 09-CV-114 (HL)
:
WARDEN HART, *et al.*, :
:
    Defendants. :

## ORDER AND RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is the Defendants' Motion to Dismiss the complaint, as well as the Defendants' Motion for Extension of Time to file a reply brief and Motion for Leave to File excess pages. (Docs. 21, 27, 28). The Plaintiff, who is represented by counsel, filed this action on September 22, 2009, raising allegations of excessive force by certain defendant officers while Plaintiff was confined at Valdosta State Prison in 2007. (Doc. 1). The Plaintiff raised these identical allegations against identical defendants in a prior lawsuit before this court, although Plaintiff's claims were found to be unexhausted under the Prison Litigation Reform Act and were dismissed without prejudice on March 25, 2009. *Mann, et al., v. Donald, et al.,* Civil Action No. 7 : 08-CV-05 (HL) ("*Mann I*"). Plaintiff, represented by the same counsel in *Mann I* as in the present suit, filed objections to the Court's recommendation to dismiss Plaintiff's claims as unexhausted, although these objections were found to be untimely and were not considered by the Court in making its final ruling. *Id.,* Docs. 39, 42.

Herein, the Defendants initially sought dismissal of Plaintiff's complaint based in part on

the following grounds: 1) statute of limitations; 2) collateral estoppel; and 3) failure to exhaust administrative remedies. Since the filing of the Defendants' Motion to Dismiss, the parties have essentially agreed that the Plaintiff filed his complaint within the six-month period of renewal, pursuant to Georgia law. *See* O.C.G.A. § 9-2-61. Thus, the Defendants appear to have dropped the statute of limitations defense as a basis of dismissal herein, although they continue to assert that the Plaintiff failed to properly set forth in his complaint the fact that he was proceeding under the renewal statute. The Defendants also asserted initially that Plaintiff's additional state law claims and claims brought pursuant to 18 U.S.C. § 2340 were barred pursuant to various legal analyses. The Plaintiff has since clarified that his sole basis of recovery herein is pursuant to 42 U.S.C. § 1983, and that any reference to state law and other federal law was not a creation of separate claims or theories of recovery. Accordingly, Defendants' arguments regarding statute of limitations issues and dismissal of claims beyond Plaintiff's § 1983 claims have been rendered moot and will not be considered by the Court herein.

*Collateral estoppel*

The Defendants assert that this matter should be dismissed on the basis of collateral estoppel, or issue preclusion. "Collateral estoppel bars relitigation of an issue previously decided against a party who had 'a full and fair opportunity to litigate that issue in an earlier case.'" *Montalbano v. C.I.R.*, 307 Fed.Appx. 322, 323 (11th Cir. 2009)(quoting *Allen v. McCurry*, 449 U.S. 90, 94-95 (1980)). The doctrine of collateral estoppel applies to cases brought pursuant to 42 U.S.C. § 1983. *Wood v. Kesler*, 323 F.3d 872, 879 (11th Cir. 2003).

> For collateral estoppel to bar relitigation of an issue four criteria must be met: (1) the issue must be identical in the pending case to that decided in the earlier proceeding; (2) the issue must necessarily have been decided in the earlier proceeding; (3) the party to be estopped must have been a party or have been adequately represented by a party

in the earlier proceeding; and (4) the issue must actually have been litigated in the first proceeding.

*Montalbano,* 307 Fed.Appx. at 323 (citing *In re Raiford*, 695 F.2d 521, 523 (11th Cir. 1983)).

In regard to the second criteria, "the determination of the issue in the prior litigation must have been a 'critical and necessary part' of the judgment in the first action". *Irvin v. United States*, 335 Fed.Appx. 821, 823 (11th Cir. 2009)(quoting *Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000)). In regard to the third criteria, "the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Id.*

The issues raised in the Plaintiff's first lawsuit, *Mann I*, and the present lawsuit are identical, both as to the underlying claims of excessive force and the issue of exhaustion of these claims. Plaintiff raised the identical claims of excessive force against the identical defendants in his previous lawsuit, *Mann I*, and the identical issue of exhaustion was raised and actually litigated between the parties. The Court also determined the issue of exhaustion in the prior litigation, finding that "[t]he facts are clear however that Plaintiff Mann did not appeal the out of time denial to the Unit Manager in an attempt to show good cause, nor did he appeal the denial of the grievance . . . the [Court] is constrained to find that Plaintiff Mann has [failed] to exhaust". *Mann I*, Doc. 33 at p. 11. This determination was a "critical and necessary part" of the judgment in the former action, as this determination resulted in the dismissal of Plaintiff's claims. Finally, the Plaintiff, as the party against whom collateral estoppel is asserted herein, had a full and fair opportunity to litigate the issue of exhaustion in the prior proceeding. Once the Defendants filed their Motion to Dismiss in *Mann I*, Plaintiff was allowed to respond thereto,

and was granted leave to file excess pages in responding to the motion to dismiss. *Mann I*, Docs. 20, 21. The Court noted in *Mann I* that

> [i]nsofar as Plaintiffs' opportunity to develop the record [on exhaustion] is concerned it is noted that Plaintiffs' counsel filed certain documents pertaining to grievances and his clients' version of the facts which are attached to his brief in response to the Defendants' motion (docs 21-2 thru 21-5). He filed nothing to further develop the record as to exhaustion subsequent to the *Bryant [v. Rich*, 530 F.3d 1368 (11th Cir. 2008)] decision which was published approximately eight months ago [and in which Plaintiffs' counsel participated as counsel for the plaintiffs Bryant *et al*.]

*Id.,* Doc. 33, p.8.

Additionally, the Plaintiff responded to the Defendants' subsequently filed Notice of Supplemental Authority. *Id.*, Docs. 26, 28. Finally, the Court notes that the Plaintiff was provided with the appropriate amount of time in which to file objections to the Court's recommendation, although Plaintiff filed his objections out-of-time and the Court refused to consider the merits of said objections. *Id.* Docs. 39, 42.

In response to the Defendants' assertion of collateral estoppel regarding the issue of exhaustion, the Plaintiff has submitted documentation regarding the steps he completed regarding exhaustion, and has submitted an additional affidavit from a fellow inmate regarding these steps. (Doc. 26). The Plaintiff does not allege or establish that he has taken any additional steps toward exhaustion since the dismissal of his claims in *Mann I*.

Although the Plaintiff maintains that his prior lawsuit was dismissed without prejudice, thus allowing him to bring this second suit asserting the same claims, the dismissal without prejudice pertained to Plaintiff's right to re-bring his excessive force claims once he fully exhausted his administrative remedies. As the Defendants point out, the Plaintiff has taken no additional steps to exhaust his excessive force claims and offers no new evidence that was

4

previously unavailable; he merely continues to argue that the claims were exhausted when the Court first examined the issue, the very scenario that collateral estoppel seeks to enjoin. "[T]he fact that the district court's dismissal of the [initial] complaint was without prejudice is irrelevant for purposes of collateral estoppel." *Irvin*, 335 Fed.Appx. at 825. Plaintiff does not allege that he has taken any additional steps to exhaust his excessive force claims since the dismissal of his prior lawsuit, he simply seeks to buttress his previously advanced argument that the steps already taken exhaust his claims. *See* Plaintiff's complaint, Doc. 1, ¶¶ 6-11.

The Court notes that the Plaintiff could have filed timely objections regarding the recommendation of dismissal in *Mann I,* but he failed to do so. Additionally, Plaintiff, represented by the same counsel in both suits, could have appealed the dismissal of his claims in *Mann I* as unexhausted, yet he failed to do so, and Plaintiff waited to refile the identical claims herein, changing the character, perhaps, of his evidence, but not the substance of administrative remedies already completed. This Court clearly ruled in *Mann I* that regardless of the lack of sworn statements from the Plaintiff, the Plaintiff failed to fully exhaust administrative remedies regarding his excessive force claims. *Mann I*, Doc. 33, p.11.

Thus, the issue of exhaustion of administrative remedies is identical to the issue litigated and decided in *Mann I*, wherein the identical Plaintiff, represented by the same counsel, had a full and fair opportunity to litigate the issue of exhaustion. The doctrine of collateral estoppel thus prohibits the Court from revisiting this issue that has already been decided in the Defendants' favor. *See Dennis v. Gonzales*, 2006 WL 6492864 (N.D.Ga.) at n.4 (Plaintiff was barred from contesting District court rulings regarding exhaustion under principles of collateral estoppel). Accordingly, it is the recommendation of the undersigned that the Defendants' Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file

written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

The Defendants' Motion for Extension of Time to file a reply brief and Motion for Leave to File excess pages are hereby **GRANTED**. (Docs. 27, 28).

**SO ORDERED and RECOMMENDED**, this 12th day of August, 2010.

S/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb